Mary SAVELKOUL, Plaintiff and
Respondent,

v.

Harry SAVELKOUL, Defendant and
Appellant.

No. 8037.

Supreme Court of North Dakota.

Dec. 27, 1962.

Rehearing Denied Jan. 23, 1963.

Ella Van Berkom and Joseph P. Stevens, Minot, for defendant and appellant.

Duffy & Haugland, Devils Lake, for plaintiff and respondent.

MORRIS, Judge.

On May 11, 1959, judgment was entered in the District Court of Ward County granting the plaintiff a divorce from the defendant. The judgment provided:

"That the properties are of such a nature that to effect a division of the greater part thereof would not be to the best interests of the parties, and that the titles thereto shall remain as they are now; that the defendant shall retain control of the real property, including oil, gas and mineral rights, and owned jointly by him and the plaintiff, or in his name alone; that the income from such property, excepting the income from the residence where the plaintiff and the children live, shall be the property of the defendant."

Six children were born of the marriage; all are of age except two daughters, Rosemary and Barbara. The court retained jurisdiction to modify the decree upon change of circumstances.

It appears that in a previous action for divorce between the parties they had reached a compromise with respect to a division of some of the property that the parties had accumulated since their marriage in February 1930.

The former action for divorce was dismissed, and at that time the defendant caused to be placed in joint tenancy with his wife the following property:

Lot Two (2) of Helling's Subdivision of Block Six (6), West Minot, being the residence property occupied by the plaintiff and the minor children.

The Southeast Quarter (SE¼) of Section Nineteen (19), Township One Hundred Fifty-Nine (159) North of Range Eighty-three (83) West of the Fifth Principal Meridian.

The West Half of the Northeast Quarter (W½NE¼), the West Half of the Southeast Quarter (W½SE¼), and the West Half of Section Twenty (20), Township One Hundred Fifty-nine (159) North of Range Eighty-three (83) West of the Fifth Principal Meridian.

The Southeast Quarter (SE¼) of Section Thirty-three (33), Township One Hundred Fifty-nine (159) North of Range Eighty-four (84), West of the Fifth Principal Meridian.

The furniture and household effects.

A 29/400ths mineral interest in the South Half of the Northwest Quarter (S½NW¼) and the West Half of the Northeast Quarter (W½NE¼) of Section Two (2), and the Southeast Quarter (SE¼) and the East Half of the Southwest Quarter (E½SW¼) of Section Ten (10), in Township One Hundred Fifty-seven (157) North of Range Ninety-five (95) West of the Fifth Principal Meridian, known as the Hamre tract.

An undivided 5/400ths mineral interest overriding royalty in oil, gas and minerals in the South Half of the Northwest Quarter (S½NW¼) and the North Half of the Southwest Quarter (N½SW¼) of Section Twelve (12) and the Southeast Quarter of the Northeast Quarter (SE¼NE¼) of Section Eleven (11), in Township One Hundred Fifty-seven (157) North of Range Ninety-five (95) West, known as the Bakken tract.

At the time of the dismissal of the former action the defendant had a considerable amount of other properties that he retained in his own name, some of which he sold and used the proceeds to pay debts and family bills.

The provisions made in the original judgment in this action for handling the property appear to have been unsatisfactory to both parties. They stipulated for a hearing on the final division of the property between the parties and an amendment of the original judgment accordingly. The hearing was had on April 5, 1961, whereupon the court made findings of fact, conclusions of law and ordered a modification and amendment of the original judgment. An amended judgment was entered on June 19, 1961. From that judgment the defendant appeals and demands a trial de novo.

Under the amended judgment, the plaintiff received from the property held in joint tenancy the home located in Minot and the furnishings, valued at about $24,000; the land located in Section Twenty (20), Township One Hundred Fifty-nine (159), Range Eighty-three (83), on which there is a good set of buildings, valued at $25,000; also the Hamre tract of oil property valued at $5,800. This property was free of encumbrances except taxes with the exception of the home in Minot which was subject to a mortgage of $6,000. The plaintiff testified she borrowed from relatives the sum of $2,000 which she paid on the mortgage. The balance due at the time of the entry of the amended judgment was about $4,300. In addition to the property held in joint tenancy that was awarded to the plaintiff, the court also awarded her a Lincoln automobile then in her possession and ten items that were listed and referred to in

defendant's Exhibit O as "valueless," which designation is not challenged by either party.

The joint real property awarded to the defendant consisted of the Southeast Quarter (SE¼) of Section Thirty-three (33), Township One Hundred Fifty-nine (159), Range Eighty-four (84), and the Southeast Quarter (SE¼) of Section Nineteen (19), Township One Hundred Fifty-nine (159), Range Eighty-three (83), each quarter section being valued at $6,000. Also the Bakken tract of oil property, valued at $1,250.

In addition to the property held in joint tenancy awarded to the defendant, he was permitted to retain the following real and personal property:

An overriding royalty in the oil, gas and minerals on the Southwest Quarter of the Southwest Quarter (SW¼SW¼) of Section Thirty-five (35), Township One Hundred Fifty-nine (159), Range Ninety-four (94), and Lots One. (1) and Two (2) and the South Half of the Northeast Quarter (S½NE¼) of Section Three (3), Township One Hundred Fifty-seven (157), Range Ninety-four (94); Lots One (1), Two (2), Three (3) and Four (4) of Section One (1), Township One Hundred Fifty-seven (157), Range Ninety-four (94); Lots Three (3) and Four (4), and the Southwest Quarter of the Northwest Quarter SW¼NW¼) of Section Two (2), in Township One Hundred Fifty-seven (157), Range Ninety-four (94); being in all about ten (10) mineral acres and known as the Sather tract, which has a value of $4,500.

The Northwest Quarter (NW¼) of Section Nineteen (19), Township One Hundred Fifty-nine (159), Range Eighty-three (83), which the defendant had inherited from his mother, value $6,000.

Insurance policies on the life of the defendant which at the time of hearing had a cash value of about $5,000.

Seed grain on hand.

All farm machinery and farm vehicles which have a value of some $16,000, but for which the defendant owes an indebtedness approximating the value of this property.

A stock certificate for 500 shares of uranium stock of questionable value.

A Cadillac automobile.

Property located in the City of Minot known as the Super Valu Stores Bar and Grill owned by a partnership in which the defendant has a half interest. This property is subject to a substantial mortgage. A profit and loss statement was introduced in evidence showing that on August 31, 1959, the partnership had a net worth of $40,000, and made a net profit for the preceding year of $18,000. A balance sheet dated January 9, 1961, shows a net worth of $5,091.54. At the time of the hearing the defendant was receiving from the partnership a salary of $250 per month.

The amended judgment directed the payment by the defendant of debts incurred by one or both of the parties amounting to the sum of $4,755.53, including approximately $2,000 borrowed by the plaintiff and paid on the mortgage on the Minot home to save it from foreclosure. It further directed the defendant to pay all delinquent taxes and assessments on the Minot property, the personal property taxes levied on the Minot property due up to January 1, 1961, all delinquent real property taxes on the real property in Section Twenty (20), Township One Hundred Fifty-nine (159), Range Eighty-three (83), and the mortgage on the Minot residence, and directed the defendant to pay the obligations above listed within 60 days after service of the amended judgment. It was further provided that plaintiff have a lien on all real property awarded to the defendant as security for the payment of the obligations to be paid by the defendant.

All alimony payments were to cease as of June 30, 1961.

Custody of the two minor daughters of the parties was to remain in the plaintiff during their minority. The defendant was required to pay to the plaintiff as support money for the children $100 per month until the elder child reaches majority, when the payments will be reduced to $75 per month to continue until the younger child attains majority which will be in about two years.

The amended judgment also provided that the parties should execute a conveyance to their son Henry Savelkoul of a one-half interest in land known as the Bantry farm and described as the Northeast Quarter (NE¼) and the Southwest Quarter (SW¼) of Section Twenty-seven (27), and the Southeast Quarter (SE¼) of Section Twenty-eight (28), Township One Hundred Fifty-eight (158) North of Range Seventy-seven (77). It appears that while title to this property is in the name of the defendant, the actual owners are a Mr. Larson and Henry Savelkoul and that neither of the parties to this action has any interest therein.

The plaintiff has had little business experience. Her health is somewhat impaired. Her age is in the early fifties, as is the age of the defendant. She does not appear to have any training that would give her special earning capacity. Apparently she has been engaged only in maintaining a household and raising a family. It is the view of this court, and no doubt was the view of the trial court, that of the property that the parties acquired during marriage plaintiff should receive a fair portion that would be unencumbered and easily managed, from which she could derive shelter and sustenance. This the house in Minot and the improved farm of approximately three quarter sections of land in Section Twenty (20) should afford.

Much of the remaining property is dependent for income production on operation and management. Some of it is of a speculative nature. The defendant has had considerable success in managing such property in the past and we have no reason to believe that his success may not continue. However, considerable burden is placed upon the defendant by requiring him to pay debts and expenses incurred on behalf of the parties and the family and the assumption of encumbrances. The obligation to pay support money will continue for a time. The defendant's personal property is heavily encumbered. It is apparent that the financial condition of the parties has deteriorated since the divorce was originally granted in May 1959. The court so states in his supplemental memorandum. It is important that the defendant be left in such financial condition that he can meet the obligations imposed upon him by the judgment and comply promptly with the orders of the court with respect thereto. Under these circumstances it appears that there should be some modification of the amended judgment in favor of the defendant. To that end we direct that the Hamre oil property be decreed to the defendant instead of to the plaintiff and that the amended judgment be further amended accordingly.

It also appears that since the judgment was entered another crop year has elapsed and that the 1962 crop from the three quarters of land in Section Twenty (20) awarded to the plaintiff must be accounted for. The amended judgment to be entered by the trial court will provide for an accounting by the defendant of the crop for 1962 and that the profits derived therefrom after the payment of expenses be divided equally between the parties.

The case is remanded to the district court with directions to enter a second amended judgment in conformity with this opinion.

SATHRE, C. J., and BURKE, TEIGEN and STRUTZ, JJ., concur.